# Howerton v. The State.

## Murder.

(Decided February 11, 1915.  67 South. 979.)

1. *Homicide; Verdict; Degree.*—The verdict must find the degree of the crime in order to sustain a judgment under an indictment for murder.

2. *Same; Sufficiency.*—Where the indictment charged that defendant killed decedent by administering poison, a verdict finding defendant guilty and sentencing him to the penitentiary for life is fatally defective for failing to ascertain the degree of the murder.

3. *Charge of Court; Ignoring Evidence.*—Charges which ignore the tendencies of the evidence are properly refused.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Sam Howerton was convicted of murder, and he appeals. Reversed and remanded. .

The facts in reference to the judgment and verdict sufficiently appear from the opinion.

The following charges were refused to defendant: "(1) Unless you are reasonably convinced beyond a reasonable doubt that defendant conspired with Sylvia

Cummings to poison Alice Howerton, then you cannot find defendant guilty. (2) Unless you believe beyond a reasonable doubt that Sylvia Cummings and defendant Sam Howerton conspired together to take the life of Alice Howerton, and that Alice Howerton's life was taken by Sylvia Cummings in carrying out said conspiracy, then you must acquit defendant."

WILLIAM L. LEE, D. C. HALSTEAD, and E. C. GLOVER, for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The real question presented by this appeal is the sufficiency of the verdict to support a sentence of conviction of murder in the first degree. The indictment charged: "That before the finding of this indictment Sylvia Cummings and Sam Howerton unlawfully and with malice aforethought killed Alice Howerton by administering to her poison, to wit, strychnine, against the peace and dignity of the state of Alabama."

Defendant, Sam Howerton, demanded and was granted a severance. On arraignment he pleaded not guilty. On the trial the jury rendered a verdict of guilt as follows: "We, the jury, find the defendant guilty and sentence him to the penitentiary for a term of his natural life."

The statutes of the state require this court to "consider all questions apparent on the record or reserved by bill of exceptions," and to "render such judgment as the law demands."—Code 1907, § 6264. For 50 years it has been the law that when the jury find the defendant guilty under an indictment for murder, "they must

ascertain, by their verdict, whether it is murder in the first or second degree," and if the defendant confesses his guilt on arraignment, the court must proceed "to determine the degree of the crime, by the verdict of a jury."—Code 1907, § 7087; Clay's Digest, 412, 413, §§ 1, 2.

(1) This court has uniformly held that no judgment of conviction, under an indictment for murder, can be sustained, unless the verdict of the jury expressly finds the degree of the crime of which the defendant is convicted.—*Cobia v. State,* 16 Ala. 781; *Levison v. State,* 54 Ala. 520, 524; *Brown v. State,* 109 Ala. 70, 20 South. 103; *Gafford v. State,* 125 Ala. 1, 9, 28 South. 406; *Roberson v, State,* 175 Ala. 15, 18, 57 South. 829. That the murder was committed by means of poison can make no difference.—*Johnson v. State,* 17 Ala. 618-627.

No error was committed by the court in ruling on the many objections and exceptions to evidence. It will subserve no good purpose to deal severally with them.

(2) The two charges refused ignored the tendency of the evidence to show that the defendant himself may have administered the fatal potion. On cross-examination Sylvia Cummings stated that: "Sam told me that he and Tom Byrd had done the work, and that he had got the best night's sleep the night before that he had in a long time, and for me to go to the woods."

(3) The fact that the indictment charged that defendant killed Alice Howerton by administering strychnine did not relieve the jury of the requirement of the statute that on conviction they must ascertain by their verdict the degree of murder. For this defective verdict the judgment of conviction must be reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.