(94 South. 473)

### SULLIVAN v. STATE.    (1 Div. 245.)

(Supreme Court of Alabama. Nov. 23, 1922.)

**1. Criminal law ⬦⬦995(1)—Vague sentence that may operate to prolong term unauthorizedly is erroneous.**

A sentence to involuntary servitude is irregular and erroneous, when so vague and indefinite that it may operate as a pretense of authority for prolonging the term beyond that sanctioned by law.

**2. Criminal law ⬦⬦995(1)—Sentence must follow verdict and be clear and unambiguous.**

The sentence must follow the verdict, and be clearly expressed.

**3. Criminal law ⬦⬦995(4)—Sentence for "term of life" held not ambiguous.**

A sentence to imprisonment "for life" was unambiguous, being referable only to defendant's life and not to that of another.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

George W. Sullivan was convicted of murder in the first degree, and he appeals. Affirmed.

Herbert U. Feibelman, of Mobile, Irwin C. McRae, of Calvert, and C. M. A. Rogers, of Mobile, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

THOMAS, J. The appeal presents for review the sufficiency of the record (Howerton v. State, 191 Ala. 13, 67 South. 979) to sustain a sentence to the penitentiary for life. The verdict of the jury was:

"We, the jury, find the defendant, Geo. W. Sullivan, alias Wash Sullivan, guilty of murder in the first degree as charged in the indictment, and further find that he be imprisoned for life in the penitentiary."

---

[1] The rule of the requisites and sufficiency of the record of judgments is:

"The sentence of a court in a criminal case, operating to deprive a citizen of his liberty, and condemning him to involuntary servitude, is irregular and erroneous, when it is in itself so vague and indefinite that it may operate as a pretense of authority for prolonging the term of servitude beyond that to which the law gives sanction." Bradley v. State, 69 Ala. 318.

[2, 3] In a word, the sentence must follow the verdict, be clearly expressed, and must not be ambiguous. In the instant case the minute entry of the sentence, among other necessary recitals, concluded:

"* * * It further appearing to the court that the jury found you guilty of murder in the first degree, and fixed the punishment at imprisonment for life in the penitentiary, it is therefore considered by the court, and is so ordered and adjudged, that the defendant, George W. Sullivan, alias Wash Sullivan, is guilty of the offense of murder in the first degree, as charged in the indictment, and that the state of Alabama for the use of Mobile county, have and recover of the defendant the cost of this prosecution, and that the defendant be imprisoned in the penitentiary of the state of Alabama, for a term of life."

The duration of imprisonment is clearly expressed and unambiguous; the term of life to which defendant was sentenced can be referred only to the term of his natural life and not to that of another. White v. State, 30 Ala. 518.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.