## MILLER v. STATE. (8 Div. 905.)

(Court of Appeals of Alabama. April 3, 1923.
Rehearing Denied May 8, 1923.)

**1. Indictment and information ⊜⟹110(31)—Indictment for manufacturing liquor following the statute held sufficient.**

An indictment charging that defendant did distill, make or manufacture alcoholic, spirituous, or malted liquors for beverages, a part of which was alcohol, after the 25th day of January, 1919, and contrary to law, *held* sufficient as following the statute.

**2. Indictment and information ⊜⟹110(31)—Indictment for possession of still following statute held sufficient.**

An indictment charging that defendant, after September 30, 1919, had in his possession a still to be used for the purpose of manufacturing prohibited liquor or beverages contrary to law, etc., *held* sufficient as following the statute.

**3. Intoxicating liquors ⊜⟹132—Volstead Act does not supersede state prohibition laws.**

The Volstead Act does not supersede the state laws prohibiting the manufacture of whisky.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Daniel Miller, Jr., was convicted of manufacturing whisky, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Daniel Miller, Jr., 209 Ala. 553, 96 South. 719.

The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment Daniel Miller, Jr., did distill, make, or manufacture, alcoholic, spirituous, or malted liquors or beverages, a part of which was alcohol, after the 25th day of January, 1919, and contrary to law. And the grand jury of said county further charge that before the finding of this indictment Daniel Miller, Jr., did, after the 30th day of September, 1919, have in his possession a still, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

Defendant demurred to the indictment on these grounds:

That "the same is an effort to charge an offense in the alternative, and each alternative averment does not state an indictable offense; that the kind of liquors said still was to be used for the purpose of manufacturing is not set out; and that the allegation that the still was to be used for manufacturing prohibited liquors is a mere conclusion."

Demurrer was overruled as to the first count and sustained as to the second.

After verdict and before judgment, defendant filed a motion in arrest of judgment, for error asserted as follows:

"(1) The indictment on which the defendant was tried does not charge any indictable offense under the law.

"(2) The indictment upon which defendant was tried was so defective that it will not support a judgment of conviction.

"(3) The court erred in overruling defendant's demurrer to the indictment on which he was tried.

"(4) The defendant was tried for an alleged violation of a state law of Alabama prohibiting the making or manufacturing of liquors any part of which was alcohol, and said law had been superseded or suspended by a prohibition law of the United States, known as the Volstead Law, at the time of the finding and returning of the indictment in this case by the grand jury."

G. O. Chenault, of Albany, for appellant

Counsel argue for error in rulings of the trial court, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The indictment in both counts follows the statute, and is sufficient.

[3] We have several times held that the Volstead Act (41 Stat. 305) does not supersede the state laws prohibiting the manufacture of whisky. Mary Banks v. State, 207 Ala. 179, 93 South. 293.

The exceptions reserved to the introduction of evidence are without merit.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.