### HALLMARK v. STATE. (7 Div. 924.)

(Court of Appeals of Alabama. Sept. 2, 1924.
Rehearing Denied Oct. 7, 1924.)

1. **Indictment and information** ⚖72, 110(31)—**indictment for manufacturing intoxicating liquors held to sufficiently charge offense in statutory language.**

Indictment charging that defendant did distill, make, or manufacture alcoholic, spirituous, malt, or mixed liquors or beverages, some part of which was alcohol, sufficiently charged offense in statutory language as against objections that it was in alternative, and did not specify the liquors or beverages.

2. **Indictment and information** ⚖72, 110(31)—**Indictment for possession of still held to sufficiently charge offense in statutory language.**

Indictment charging that defendant manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or substitute therefor for manufacturing prohibited liquors or beverages, sufficiently charged offense in statutory language as against objections that it was in alternative and failed to specify what apparatus or substitute was.

3. **Criminal law** ⚖459—**Qualified witness may testify that beer contained alcohol.**

Witness after having been first qualified, could testify that from his experience and knowledge beer at the stage found by officers raiding defendant's still had alcohol in it.

### On Rehearing.

4. **Criminal law** ⚖1114(1)—**Duty of presenting correct record rests with appellant.**

Duty of presenting a correct record rests with appellant.

5. **Criminal law** ⚖1122(5)—**Appellate court unable to review trial court's rulings in refusing written requested charges in absence of charge given.**

In absence of court's charge, as required by Acts 1915, p. 815, appellate court cannot review trial court's rulings in refusing defendant's requested written charges, where such charges are predicated on evidence, except as to refusal of general charge.

6. **Criminal law** ⚖1122(5)—**Giving or refusal of affirmative charge reviewed, though oral charge not in record.**

If there is a bill of exceptions, and a general affirmative charge requested in writing and refused to defendant, or given for the state, appellate court will review trial court's action, though oral charge does not appear in record.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Tim Hallmark was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Hallmark, 212 Ala. 144, 101 So. 906.

Walter S. Smith, of Lineville, for appellant.

The object of an indictment is to fairly inform the accused of the charge against him. 31 C. J. 563. It is the duty of the trial judge to instruct the jury distinctly and precisely upon the law of the case. 16 C. J. 962; 1 Randall's Instr. to Juries, No. 118; Frazier v. Comm. (Ky.) 114 S. W. 268. Counsel discusses other questions, which, in view of the decision, are not necessary to be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. [1, 2] The indictment contained two counts. The first count charged the manufacture of prohibited liquors; the second count charged the possession of a still. There was demurrer to the first count on the ground that it stated the offense in the alternative and failed to specify what constituted the liquors or beverages therein mentioned. The first count charged, in the words of the statute, that the defendant "did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol," etc. The second count charged that the defendant "manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or some device or substitute for a still, apparatus, or appliance to be used for the purpose of manufacturing prohibited liquors or beverages," etc.

There was demurrer to the second count on the grounds that it failed to "specify or particularize what constitutes the apparatus therein mentioned"; "that it states the offense in the alternative"; and "that it fails to specify the substitute for the still, apparatus, or appliance therein mentioned."

The count was in the words of the statute. The indictment sufficiently charged the offenses in the statutory language. Miller v. State, 19 Ala. App. 229, 96 So. 718; Masters v. State, 18 Ala. App. 614, 94 So. 249; McLain v. State, 15 Ala. App. 24, 72 So. 511; Porter v. State, 15 Ala. App. 218, 72 So. 776. The demurrers to the indictment were properly overruled.

[3] It was competent for the state's witness Gay, after having been first qualified, to testify that from his experience and knowledge beer at the stage found by the officers raiding the still had alcohol in it. Mitchell v. State, 19 Ala. App. 248, 96 So. 653; Veal v. State, 19 Ala. App. 168, 95 So. 783.

The oral charge of the court does not appear in the transcript. Where the oral charge is omitted from the transcript on appeal, no error prejudicial to an appellant in refusing special requests for instructions is shown, unless the contrary appears, and the presumption is indulged that the oral charge substantially covered the subject of such refused special request for instruction. Gay v. Taylor, 208 Ala. 376, 94 So. 473.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

SAMFORD, J. This cause was originally submitted January 17, 1924, and on February 5, 1924, was affirmed, with an opinion prepared by FOSTER, J., which we here adopt as applicable to the propositions then presented.

On April 8, 1924, on application, supported by affidavits, a rehearing was granted, the opinion was withdrawn and the cause restored to the docket and certiorari awarded to bring up the entire record. On this submission the return to the certiorari does not show a change of the record from that on the original submission.

As now presented it is insisted that there is only one count in the indictment, joining two separate felonies in the same count, which is not permissible under the practice in this state. There is no ground for this contention. There are two counts in the indictment. The first charges the defendant with manufacturing whisky, and the second with unlawfully possessing a still. True, the counts are not numbered, but they are separate and distinct, and so drawn as to admit of no doubt.

[4, 5] As now presented the record does not contain the oral charge of the court as required by Acts 1915, p. 815. The duty of presenting a correct record rests with the appellant. In the absence of the charge of the court this court cannot review the rulings of the trial court in refusing written charges requested by the defendant, where such charges are predicated upon the evidence, except as to the refusal of the general charge, which will hereafter be discussed. Wright et al. v. Walker, 17 Ala. App. 57, 81 So. 689.

[6] If there is a bill of exceptions and no oral charge of the court appearing in the record, but there appears a general affirmative charge, requested in writing and refused to the defendant, the court will review the action of the trial court in refusing the charge. This for the reason that, if the defendant is entitled to the general charge upon the whole evidence, there would be no occasion for an oral charge of the court, and, if such was given, nothing therein given in charge to the jury could cure the error in refusing the affirmative charge as requested. Or, if there

should appear in the record a bill of exceptions and a general affirmative charge given for the state, and no oral charge of the court, this court on appeal will review the action in giving such charge at the request of the state. In either of the above cases there is a completed question of law presented to the trial court and to this court.

In this record there is no affirmative charge either for the state or the defendant, and the judgment is affirmed.

Affirmed.