## MOSAIC TEMPLARS OF AMERICA v. MILLS et al.  (6 Div. 387.)

(Court of Appeals of Alabama.  Nov. 5, 1924. Rehearing Denied Dec. 16, 1924.)

1. Insurance ⟨key⟩773—Beneficiary of member must be designated in accordance with rules of association.

Member of fraternal benefit society must designate beneficiaries in accordance with rules prescribed by association.

2. Insurance ⟨key⟩773—Designation of beneficiaries held not in accordance with rules of society and insufficient; "signature"; "subscription."

Where by-law required member to designate beneficiaries by signing in own writing or by mark, it is insufficient that beneficiaries' names were written in proper blanks at member's request by another whose pen member touched; "signature" or "subscription," under Code 1907, § 1, meaning mark, when person cannot write his name, witnessed by person who writes name near it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sign—Signature; Subscribe—Subscription.]

3. Insurance ⟨key⟩728, 777—Defect in assignment of certificate or designation of beneficiaries held not waived.

Payment of funeral expenses of deceased member and erection of monument held not waiver of defect in assignment of certificate or designation of beneficiaries.

4. Insurance ⟨key⟩777—Beneficial association's proof of death and policy held not waiver of defect in designation of beneficiaries.

Beneficial association's retention for three months of proofs of death and policy held not waiver of defect in designation of beneficiaries, such retention being authorized in view of admitted liability for funeral expenses and monument.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action on policy or certificate of insurance by Madison Mills, and Carrie and Luretha Mills, minors suing by Madison Mills as their next friend, against the Mosaic Templars of America. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

The defendant had the right to require that the designation of beneficiary be signed by the insured. Baker v. Mosaic Templars, 135 Ark. 65, 204 S. W. 612, L. R. A. 1918F, 776; Eastman v. Prov. Mutual, 62 N. H. 555;

Cook v. Sup. Conclave, 202 Mass. 85, 88 N. E. 584; Worley v. N. W. Masonic (C. C.) 10 F. 227; Maryland Mutual v. Clendinen, 44 Md. 429, 22 Am. Rep. 52; 29 Cyc. 157; 1 Bacon on Benev. Soc., § 236. The designation here was not sufficient under the by-law. Elliott v. Whedbee, 94 N. C. 115; Walker v. Young Men's, etc., 148 La. 961, 88 So. 232.

Beddow & Oberdorfer, of Birmingham, for appellees.

An insurer is estopped to assert the invalidity of a policy, when such invalidity is due to the fraudulent conduct of its own agent. M. W. A. v. Head, 209 Ala. 420, 96 So. 219; M. W. A. v. Lawson, 110 Va. 81, 65 S. E. 509, 135 Am. St. Rep. 927.

FOSTER, J. This is an action by appellees against appellant, a fraternal benefit society, on a certificate or policy of insurance on the life of Carrie Mills. The trial was had upon the second count in the complaint and a plea of the general issue. This count was substantially in the form prescribed by the Code, and was not subject to the demurrer interposed. Code 1907, vol. 2, p. 1196, form 12.

Carrie Mills became a member of the Society in 1919, and was in good standing at the time of her death, July 21, 1921. A benefit certificate was issued to her which contained the provisions that if she should continue in good standing until death the relative within the fourth degree—

"to whom this policy may be willed or assigned, shall be paid a sum not to exceed three hundred dollars * * * ninety days after filing complete death proof. * * * I also agree to read this policy through and through and abide by every law printed thereon. * * * The Mosaic Templars of America agree at the death of said insured to pay to the person or persons mentioned in the will made by the insured during their lifetime, etc."

On page 2 of the policy are the following provisions:

"Members holding policies in this order and dying without making disposition of the same by will or assignment ,will not under any consideration be paid; and said will or assignment must be in their own writing, or mark thereof, attested by the Scribe of their Temple, Chamber or Palace, and must be sent to the National Grand Scribe on final proof of death."

And:

"Unless will is signed by deceased and willed to some one, together with being witnessed by two disinterested parties, value of the policy will not be paid."

Then there appears in the policy in evidence the following:

"I, ——, do hereby will and assign the benefits of this policy to:

| Names of Beneficiaries. | Age. | City. |
| --- | --- | --- |
| Mr. Madison Mills | 35 | Husband |
| Carrie Mills | 6 | Daughter |
| Luretha Mills | 4 | Daughter. |

"Whatever may be due on this policy.

"Witness: —————— [Signed] ——————.
(Name of Member.)

"This —— day of ——, 192—."

Proofs of death were made in compliance with the laws of the society, and together with the policy were mailed to the National Grand Scribe about a week after the death of insured. Law No. 7, section 2, of the by-laws of the society provides that if any member dies without designating "in their own writing .or mark thereof" attested by the worthy scribe of their temple to whom the benefit shall be payable, the benefits provided in the policy will not be paid "under any conditions or circumstances." Provision is made in the by-laws for establishment of a monument fund. Law No. 46 reads:

"No subordinate body or any of its officers shall have the power or authority to waive any of the provisions of the laws and constitution, and the same shall be binding upon the association and each member thereof and their beneficiaries."

Willie Watson, the worthy scribe of the local temple, testified that she received the policy of the insured, Carrie Mills, and that the blank will or assignment was not then filled, that Carrie Mills could not write and requested witness to "fill out," and "I filled it out at her request, and as I wrote the names she touched the pen, at a regular meeting in the hall." The witness testified also that she wrote the insured's name at her request, as also the names of the beneficiaries and that insured touched the pen.

[1, 2] In designating the beneficiaries the member must comply with the rules prescribed by the society. 29 Cyc. 118. The by-laws of the society required the member to designate the beneficiary by signing in her own writing or by mark, and, where this is required, writing the names in the required blank, although she touched the pen while the worthy scribe was, at the member's request, writing the names of the beneficiaries, is not a sufficient designation without the signature of the member in her own writing or by mark. 29 Cyc. 118, note 54.

The definition of "signature" or "subscription" as given by the first section of Code 1907 "includes mark when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness." Under these statutory provisions, and as required by the laws of the defendant society, an "assignment," as that word is used in the policy of life insurance sued on, is signed by one who

is unable to write his name only when he has made his mark near his name subscribed for him, and this making of his mark has been witnessed by a person who can and does write his own name as a witness. Without this attesting witness who writes his own name as a witness, and without the name or mark of the insured, subscribed to the "assignment," there was no valid execution thereof. Code 1907, § 1, p. 217; Mash v. Daniel, 105 Ala. 393, 18 So. 8; Johnson v. Davis, 95 Ala. 293, 10 So. 911; Houston v. State, 114 Ala. 15, 21 So. 813. The failure of the member to sign the will or assignment in her own writing or by mark is fatal to the right of the plaintiffs to recover.

[3, 4] The payment of the funeral expenses and the erection of a monument was not a waiver by the Grand Officers of the defect in the assignment or designation of beneficiaries. The society was required by the contract to pay funeral expenses and erect a monument, and this part of the contract had no bearing upon the rights of the beneficiaries. Retaining the proofs of death and the policy for three months after the time for payment under the facts in this case cannot be held to be a waiver, as the society was authorized to retain same in view of its admitted liability for and payment of the funeral expenses and the erection of a monument.

It will serve no useful purpose to discuss the other questions presented, as under no phase of the evidence can the plaintiffs recover. The court erred in giving the general charge for the plaintiffs, and in refusing the general charge for the defendant.

The judgment is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

The burden was upon the plaintiffs to show their legal title to, or beneficial interest in, the certificate or policy of life insurance. The policy expressly provided that the designation of the beneficiary (the assignment, or will, as it was denominated) should be signed by the insured in her own handwriting, or, if she could not write, her signature by mark must be attested. The insured could not write. There was no signature by mark. The introduction of the certificate or policy in evidence without proof of the designation of the plaintiffs as the beneficiaries as required by its terms was not sufficient to show the interest of the beneficiaries. Failing to show their interest they failed to make out their case. Under the proof and the plea of the general issue, the defendant was entitled to the affirmative charge in its favor. Although courts may be reluctant to hold that those whom the insured intended should be the beneficiaries of a policy of life insurance upon which premiums have been fully paid must fail of recovery when the insured has failed to assign the policy or designate the beneficiaries in the manner prescribed by the policy, we are powerless to do otherwise as the law now stands. And we can only entertain the hope that the Legislature will so change the law that justice may be done in each case. This should be done for the protection of the large number of illiterate and ignorant members of societies such as the defendant in this case, chartered as fraternal organizations, and collecting moneys from their ignorant and unsuspecting members.

The application for rehearing must be overruled.