(104 So. 638)

**CARMICHAEL v. STATE.**    (6 Div. 328.)

(Supreme Court of Alabama. May 28, 1925.)

**1. Criminal law ⬅1178—When no objection as to venire raised, it will be treated as waived.**

Where question as to the venire is not raised, it will be treated as waived.

**2. Criminal law ⬅995(2)—Judgment of guilt sufficiently implied in sentence when in accordance with verdict.**

Where minute entry shows judgment and sentence by court in accordance with verdict, a judgment of guilt is sufficiently implied in sentence.

**3. Criminal law ⬅627(1)—Order for service of copy of indictment should be in order fixing special venire.**

The proper place for order for service of copy of indictment is in the order fixing the special venire.

**4. Criminal law ⬅304(4)—Judicially known that 11–19–1924 means November 19, 1924.**

Court judicially knows that 11–19–1924 means November 19, 1924.

**5. Criminal law ⬅627(1)—Record held to show that copy of indictment was served on defendant, and that no constitutional or statutory rights were denied him.**

Record showing that copy of indictment was executed by serving a copy of it on defendant, and that case was duly continued and defendant permitted to interpose additional plea of not guilty by reason of insanity, *held* to show that defendant was not denied any rights, either under Const. § 6, or Code 1923, § 8644.

**6. Criminal law ⬅1186(4)—Conviction affirmed where no reversible error disclosed from examination of record.**

Where examination of record by Supreme Court discloses no reversible error, under Code 1923, § 3258, conviction will be affirmed.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Alex Carmichael was convicted of murder in the first degree, and he appeals. Affirmed.

The sentence of the court is as follows:

"And upon this, the 18th day of December, 1924, the defendant being now in open court, and being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him says nothing.

It is therefore considered by the court, and it is the judgment and sentence of the court, that the said defendant, Alex Carmichael, be imprisoned in the penitentiary of the state of Alabama for a term of life."

Lipscomb & Lipscomb, of Bessemer, for appellant.

Briefs of respective counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

THOMAS, J. The conviction was for murder in the first degree, and the defendant was sentenced to imprisonment for life.

[1] No question is presented as to the venire. If such there was it is treated as being waived. Walker v. State, 204 Ala. 474, 85 So. 787; Whitehead v. State, 206 Ala. 288, 90 So. 351; Vann v. State, 207 Ala. 152, 92 So. 182.

[2] The judgment and sentence were rendered and pronounced by the court pursuant to the verdict of the jury finding "the defendant guilty of murder in the first degree as charged in the indictment," and fixing "the penalty at life imprisonment" for a term of life. Sullivan v. State, 208 Ala. 473, 94 So. 473. The minute entry of the court shows a judgment and sentence by the court in accordance with the verdict; a judgment of guilt is sufficiently implied in the sentence. Ex parte State, 202 Ala. 694, 81 So. 656; Talbert v. State, 140 Ala. 96, 37 So. 78; Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am. St. Rep. 107.

[3–5] The proper place for the order for service of copy of the indictment is in the order fixing the special venire, which is not set out in the record. White v. State, 209 Ala. 546 (3), 96 So. 709. However, the record shows that a copy of the indictment was "executed by serving a copy of the within [indictment] on Alex Carmichael. 11–19–1924. T. J. Shirley, Sheriff. W. M. Gwin, Deputy Sheriff." The date indicated we judicially know was November 19, 1924, four days after the arraignment and order setting day for trial (November 15, 1924), and for venire and copy thereof to be served on defendant. The cause, being called on December 1, 1924, was duly continued to December 3d, when defendant was permitted to interpose an additional plea to the indictment of "not guilty by reason of insanity." Thus it appears that defendant was not denied any constitutional (section 6) or statutory rights in the premises. Code 1923, § 8644.

[6] The record having been examined, no reversible error is disclosed, and judgment is here rendered as the law demands. Code 1923, § 3258; Howerton v. State, 191 Ala. 13, 67 So. 979.

──────────────────────────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.