(107 So. 789)

## HILL v. STATE.    (6 Div. 852.)

(Court of Appeals of Alabama.   March 23, 1926.)

**1. Criminal law** ⬅972.

Motions in arrest of judgment can be based only on errors apparent on face of record proper or on matters which should, but do not, appear on record.

**2. Criminal law** ⬅974(1).

Motion in arrest of judgment cannot be supported by affidavit of facts outside of, and constituting no part of, record.

**3. Criminal law** ⬅968(1)—Motion in arrest of judgment held properly denied, where record proper showed indictment in due and regular form, verdict of guilty of offense comprehended therein, and judgment in conformity with verdict (Code 1923, § 3258).

Motion in arrest of judgment *held* properly denied, where record, examined under Code 1923, § 3258, showed indictment in due and regular form, verdict of guilty of one of offenses comprehended in charge contained in indictment, and judgment of court in conformity with findings of jury.

**4. Criminal law** ⬅302(4)—Prosecutor's statement to jury, withdrawing charge of assault with intent to murder, leaving only lesser offenses contained in indictment, held not error.

Statement of prosecutor to jury with sanction of court, in effect withdrawing charge of assault with intent to murder, leaving only lesser offenses contained in indictment, *held* within his province, and not prejudicial to accused.

**5. Criminal law** ⬅1030(1), 1044.

Correctness of items of costs taxed is not presented to appellate court, in absence of motion to retax, or where items in bill of cost are not pointed out as improper.

**6. Costs** ⬅303(

Proper items of cost of former mistrial will be included in bill of costs upon conviction.

**7. Criminal law** ⬅827.

Special charges requested by accused should always be numbered or otherwise designated so that they can be properly identified.

**8. Criminal law** ⬅815(1).

Requested charges should be predicated on, or supported by, the evidence.

**9. Criminal law** ⬅829(1).

Refusal of charges fairly and substantially covered by court's oral charge and given charges *held* not error.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Hugh W. Hill was convicted of an assault, and he appeals. Affirmed.

The eighth ground of the motion for new trial is as follows:

"Eighth. Because the solicitor without legal authority stated to the jury that he did not wish them to convict the defendant of the charge of assault with intent to murder and thereby subject him to a penitentiary punishment, and the court following that statement, stated to the jury that the charge of assault with intent to murder was withdrawn, or a statement in substance to that effect."

The indictment charges that defendant did assault Arnold C. Langley. The affidavit offered in support of the motion in arrest of judgment is to the effect that on the former trial the party assaulted testified that his name was Arnold C. Langner.

Altman & Taylor and Fred G. Koenig, all of Birmingham, for appellant.

Counsel argue for error in the rulings treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., Robt. G. Tate, Asst. Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

The special charges requested by defendant were properly refused. Edwards v. State, 87 So. 179, 205 Ala. 160; Stewart v. State, 104 So. 677, 20 Ala. App. 630; Drummond v. State, 102 So. 723, 20 Ala. App. 286; Bailey v. State, 53 So. 296, 390, 168 Ala. 4; Peagler v. State, 93 So. 536, 207 Ala. 586.

BRICKEN, P. J. [1-3] The motion in arrest of judgment is not well taken, and is without merit. The court committed no error in this connection. Motions in arrest of judgment must, as a rule, rest on some matter or question apparent on the record. In other words, as a general rule a motion in arrest of judgment can be based only upon errors which appear on the face of the record proper, or upon those matters which should, but do not, appear on the record. Subject to the latter limitation, it cannot be based on errors not appearing on the record; nor can it be supported by an affidavit of facts outside and constituting no part of the record. The affidavit of John W. Altman, offered in support of the motion in arrest of judgment in the instant case, was not pertinent or admissible. Lyon v. State, 61 Ala. 224. We have carefully examined the record proper as required by section 3258 of the Code of 1923. It shows an indictment in due and regular form, a verdict of guilty for one of the offenses comprehended in the charge or accusation contained in the indictment, and a judgment of the court in conformity with the finding of the jury. Our examination of the record discloses that the proceedings were in all things regular and nothing authorizing a reversal of the judgment of conviction appealed from.

[4] The action of the court in overruling the motion for a new trial is also without error. Included in the charge of felony contained in the indictment were the lesser offenses of assault and assault and battery; therefore the eighth ground of the motion cannot prevail. The solicitor, representing the state, by and with the consent of the court acted within his province, and the effect of the announcement by the solicitor complained of here was to nol. pros. the felony charge contained in the indictment against the accused, and to proceed upon the lesser offenses, which, as stated, were included in the greater charge. And at this action of the solicitor, which met the sanction of the court, the defendant had no right to complain; the action complained of being manifestly to his benefit, and in no wise injurious to his substantial rights.

The ruling of the court upon the admission of testimony was invoked but in two instances, and exceptions reserved. These two rulings are so manifestly without error we do not discuss them.

[5, 6] It is earnestly insisted that the costs taxed against defendant in this case are excessive and are termed "unreasonable and unconscionable." We are not, of course, called upon to verify the correctness of the items of costs taxed, as this matter is not presented for our consideration. No motion was made to retax the cost, nor are any items contained in the bill of cost pointed out as being improper and without authority of law. It appears from this record that this cause had been formerly tried resulting in a mistrial. This, in a large measure, explains the seeming excessive cost bill here, as naturally this bill of costs of necessity includes also the proper items of cost upon the former trial.

[7-9] The special charges requested by defendant are not numbered or otherwise designated. This should always be done in order that the given and refused charges can be properly identified and confusion avoided. None of the special written charges requested by the defendant except one, meet the required rule as to being predicated upon the evidence in the case. Davis v. State, 66 So. 67, 188 Ala. 59. In the twelfth headnote of this case it is stated:

"It is always proper to refuse charges which are not predicated upon, or supported by, the evidence."

—and the ninth headnote of the Davis Case, supra, is:

"A charge asserting that the jury should acquit if there was a probability of defendant's innocence was properly refused as not being predicated upon the evidence."

See, also, Edwards v. State, 87 So. 179, 205 Ala. 160. In the instant case, however, the refused charges were fairly and substantially covered by the court's oral charge and by the given charges.

Every question presented by this record has been examined, and no error of a reversible nature appears.

Affirmed.