(120 So. 147)
### JILES v. STATE. (5 Div. 992.)

Supreme Court of Alabama. Jan. 31, 1929.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

THOMAS, J. No questions as to the sufficiency of the venire or of the action of the court in impaneling the jury are reserved and presented. Hardley v. State, 202 Ala. 24, 79 So. 362; Carmichael v. State, 213 Ala. 264, 104 So. 638; Charley v. State, 204 Ala. 687, 87 So. 177; Jackson v. State, 213 Ala. 143, 104 So. 220; White v. State, 209 Ala. 546, 96 So. 709.

The record proper has been examined (Howerton v. State, 191 Ala. 13, 67 So. 979), and there is no error "apparent on the record," and no "questions [are] reserved by bill of exceptions" (Code, § 3258; Hill v. State, 21 Ala. App. 310, 107 So. 789).

The judgment and sentence were rendered and pronounced by the court pursuant to the verdict of the jury finding the defendant guilty of murder in the first degree and "fix(ing) his penalty at death." Sullivan v. State, 208 Ala. 473, 94 So. 473. The minute entry of the court shows a judgment against defendant of his guilt of murder in the first degree and his sentence by the court in accordance therewith, and the statutes having application. Carmichael v. State, supra.

The bill of exceptions must show all exceptions required to be reserved, not presumed. Solnick v. Ballard (Ala. Sup.) 118 So. 381;[1] Ill. Cent. R. Co. v. Posey, 212 Ala. 10, 101 So. 644; Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517. If the exceptions sought to be taken to the oral charge are specific (McGehee v. State, 178 Ala. 4, 59 So. 573; Stroud v. State, 55 Ala., 77; Birmingham R. L. & P. Co. v. Friedman, 187 Ala. 562, 65 So. 939; Ex parte Cowart, 201 Ala. 55, 77 So. 349), the same must be shown by a bill of exceptions, and may not be reviewed in the absence of a bill of exceptions (Anderson v. State, 209 Ala. 36, 95 So. 171).

It is true, that under the stated rule an exception is presumed to the action of the court in giving written charges to the opposite party and in denying one's request for written instruction, and is not required to be shown by a bill of exceptions. Sections 6430, 9509, Code. It is also true that, where the appeal is upon the record proper, there being no bill of exceptions, the appellate court cannot review the action of the trial court, in refusing the written charges requested by the defendant, though such charges are set out as a part of the record proper. Paitry v. State, 196 Ala. 598, 72 So. 36; Mack v. State, 201 Ala. 269, 77 So. 683; Sanford v. State, 19 Ala. App. 242, 96 So. 646; Winchester v. State, 20 Ala. App. 431, 102 So. 595; Thomas v. State, 20 Ala. App. 550, 103 So. 479; Motley v. State, 20 Ala. App. 689, 102 So. 924; Hallmark v. State, 20 Ala. App. 281, 101 So. 905; Howard v. State, 20 Ala. App. 399, 102 So. 491.

There being no reversible error disclosed by the record proper, the judgment of the circuit court is affirmed.

The sentence was duly suspended pending defendant's appeal—though no exceptions are shown to have been reserved (Ex parte Mancil, 217 Ala. 486, 116 So. 908)—in pursuance to statutory provisions for an entry of record that defendant appeals from the judgment; and, the time fixed by the court for the execution of the sentence of the law upon defendant having expired pending his appeal, this court fixes the date, indorsed on this record, as that on which the execution of the death sentence upon defendant, in accordance with the manner and in all respects with the statutes now of force and having application.

The judgment of the circuit court is affirmed.

---

[1] Ante, p. 206.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

SAYRE, J., concurs in the result.

