Maurice Guy BOWLING, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19939.

United States Court of Appeals
Fifth Circuit.

July 30, 1963.

Rehearing Denied Sept. 12, 1963.

———◆———

Zach H. Douglas, Eugene L. Roberts, Jacksonville, Fla., for appellant.

Donald C. Lehman, Asst. U. S. Atty., Jacksonville, Fla., Edith House, U. S. Atty., Southern Dist. of Florida, for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DeVANE, District Judge.

DeVANE, District Judge.

This is an appeal from the United States District Court for the Southern District of Florida from a judgment of conviction entered against appellant consequent upon a jury verdict. The case was tried in Jacksonville, Florida, which was at that time a part of the Southern District of Florida, but which is now within the Middle District of Florida.

Appellant was in indicted under Title 26 U.S.C. charged with four violations of the alcohol tax laws. A jury found appellant guilty on three counts, the fourth count having been dismissed by the Government. This appeal followed.

Following his plea of not guilty, defendant filed in the case a "suggestion of incompetency at the time of the alleged offense" and the Court ordered a mental examination of defendant by Dr. George J. McMahon of the United States Naval Corps at Jacksonville. At the trial the only real issue was that of the defendant's competency at the time he committed the offenses. Defendant contended that he had no recollection of the criminal acts by reason of psychomotor epilepsy. It was uncontradicted by any evidence in the case that defendant actively participated in the acts for which he was indicted.

The issue of defendant's competency at the time the offenses were committed was resolved against him by the jury's verdict of guilty. It is conceded by appellant that the trial Court's charge on the issue of competency was proper. Appellant merely seeks to show that the remarks and attitude of the trial Judge were such as to prejudice the defendant in the eyes of the jury in its consideration of defendant's insanity.

Attached to defendant's suggestion of incompetency was a report by Dr. William N. Chambers, a psychiatrist, dated July 31, 1958, covering an examination made by Dr. Chambers at a time when defendant was under prosecution for anoth-

er alleged criminal act. The report was made a part of the Court file. Dr. McMahon, the neurologist appointed by the Court to examine appellant, who also testified at the trial, made repeated reference to this report as well as a medical history from the George Washington Hospital. Dr. Chambers reported in effect that under McNaghten's Rule defendant could not distinguish between right and wrong by reason of epilepsy of the psychomotor type. Dr. McMahon did not agree with Dr. Chambers' report on this issue and this resulted in the question being submitted to the jury for determination.

█ Counsel for appellant makes reference to nine places in the record where the Court propounded questions to witnesses. Most of these questions were propounded to Government witnesses. The Court has examined what took place on each instance where the District Judge asked questions and the Court finds no evidence whatever of animosity on the part of the trial Judge towards appellant.

█ Counsel for appellant bases appellant's case primarily on remarks made by the District Judge at the time appellant was sentenced. The jury verdict was returned on July 12, 1962, at which time the defendant was adjudged guilty of the offenses for which he had been convicted. Imposition of sentence was deferred until July 27th and the Court requested a pre-sentence report to be delivered to him before the date of sentence. At the time appellant was sentenced the Court reviewed this pre-sentence report, which was most unfavorable to appellant, and it is what the Judge said at this time upon which appellant's charge of prejudice is based.

In making this charge appellant and his counsel overlook the fact that the District Court did not have this information during the trial of the case. The record establishes beyond doubt that the pre-sentence report was delivered to the District Judge almost two weeks after the jury trial had been completed and the jury verdict rendered. The remarks of the District Judge at this late stage of the case could not and did not in any way influence the jury.

What was said by Circuit Judge Wisdom in Herman v. United States, 5 Cir., 289 F.2d 362, on the same issue is a complete answer to the question raised by appellant in this case and the Court relies upon the decision in the Herman case in finding and holding that this case should be and it is

Affirmed.