**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Herman Cecil DEAS, Defendant-
Appellant.**

**No. 26476**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

June 13, 1969.

Thomas M. Hendricks, Jr., Pigford & Hendricks, Howard R. Pigford, Meridian, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■ This appeal is from a conviction on two counts, one charging concealment and the other possession of moonshine whiskey, 26 U.S.C.A. §§ 7206(4), 5604(a) (1) (1967).[1]

■ We have examined the record in full. It does not reveal that the district judge's participation in the conduct of the trial deprived appellant of a fair and impartial trial. Bowling v. United States, 321 F.2d 698 (5th Cir. 1963), cert. denied 375 U.S. 965, 84 S.Ct. 482, 11 L.Ed.2d 414 (1964); Kowalsky v. United States, 290 F.2d 161, 164 (5th Cir.), cert. denied 368 U.S. 875, 82 S.Ct. 120, 7 L.Ed.2d 76 (1961); Herman v. United States, 289 F.2d 362, 365 (5th Cir.), cert. denied 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961).

■ The court did not err in giving an instruction on flight as evidence of guilt, hypothecated on the jury's finding that appellant did flee. There was evidence from which the jury appropriately could infer that defendant fled.

At the end of the appellant's first trial, a mistrial was declared because of the jury's failure to agree upon a verdict. A second trial resulted in this conviction. The judgment entered at the conclusion of the second trial provided that "the defendant shall pay all costs of court which have accrued for both trials, including cost for both juries." The appellant attacks the assessment of jury costs for either trial and of any court costs for the mistrial. The government acknowledges that the assessment of jury cost for either trial was improper under United States v. Murphy, 59 F.2d 734 (D.C.1932) and Gleckman v. United States, 80 F.2d 394 (8th Cir. 1935).

However it urges under the authority of these two cases that the other court costs of both trials were properly assessed under 28 U.S.C.A. § 1918(b) (1966).[2]

■ As the Supreme Court stated in Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966), the levying of court costs upon a criminal defendant, although "civil in nature" and "compensatory" in character, is a deprivation of property that may be imposed only in accordance with reasonable and narrowly defined standards. To assess added costs solely because the government had failed on a previous occasion to satisfy a jury of the defendant's guilt would in effect penalize the defendant for the government's earlier failure of proof. Arguably this would raise questions of constitutional dimensions concerning the reasonableness of the assessment and its resulting deterrent effect on an accused's exercise of his right to plead not guilty in a subsequent trial. Cf. Giaccio v. Pennsylvania, supra, at 405, 86, S.Ct. at 522, 15 L.Ed.2d at 452 (Fortas, J.) (concurring opinion); Simpson v. Rice, 396 F.2d 499 (5th Cir.), cert. granted 393 U.S. 932, 89 S.Ct. 292, 21 L.Ed.2d 268 (1968). However, we do not reach the constitutional issues, for the undue burden of an added assessment based solely on a jury's prior failure to agree upon a verdict leads us to conclude that the imposition of costs under the circumstances of this case is not encompassed within the provisions of 28 U.S.C.A. § 1918(b). We hold that where a previous mistrial is due solely to the jury's failure to agree upon a verdict, the separate court costs of the mistrial can not under § 1918(b) be taxed to the subsequently convicted de-

---

1. Under Rule 18 this court has placed this case on the Summary Calendar for disposition without oral argument. *See* Murphy v. Houma Well Service, 5th Cir., 409 F.2d 804 [March 11, 1969]; Floyd v. Resor, 5th Cir., 409 F.2d 714 n. 2 [February 24, 1969].

2. 28 U.S.C.A. § 1918(b): "Whenever any conviction for any offense not capital is obtained in a district court, the court may

order that the defendant pay the costs of prosecution."

Several state courts, construing their local statutes, have imposed the costs of a mistrial upon a defendant subsequently convicted. *See* Hill v. State, 21 Ala.App. 310, 107 So. 789 (1926); Nicholson v. State, 24 Wyo. 347, 157 P. 1013 (1916); Annot., Items of Costs of Prosecution, 65 A.L.R.2d 854, 863 (1959).

fendant. Accordingly, the case will be remanded to the district court.

 The appellant was sentenced to three years confinement on each count, to run concurrently, and no fine.[3] The trial judge did not commit reversible error in declining the appellant's request that the court order a pre-sentence investigation and report before fixing the sentence. A pre-sentence investigation is required by Rule 32(c) (1), Fed.R. Crim.P., "unless the court otherwise directs." The court did "otherwise direct." The record does not reveal an abuse of discretion in sentencing without a pre-sentence investigation.[4] Appellant was given the right of allocution, Rule 32(a) (1). We do not construe the provision of that sub-section of the rule, providing that the court shall address the defendant personally and ask him if he wishes to make a statement in his behalf "and to present any information in mitigation of punishment," to require the court, on request of the defendant, to secure information through its own resources in the form of the investigation provided for by sub-section (c).

A separate issue is whether appellant suffered the consequences of a number of factors which, singly or in combination, inappropriately and adversely affected his sentence. After the mistrial at the first trial the district judge in strong and vigorous language denounced the jury for failure to convict. At the second trial when court opened in the morning for the return of the verdict reached and sealed the night before, the appellant was thirty minutes late. The trial judge stated that he viewed him as in contempt and reprimanded him severely.[5] Immediately after this incident the jury verdict was returned and appellant was sentenced forthwith.

Another factor is that in the process of sentencing the trial judge referred to appellant's bad reputation, although there had been testimony at the trial of good character and reputation and only one incident of what arguably could be referred to as testimony of defendant having a reputation for being in the whiskey business.[6]

 On remand the appellant will have an opportunity to seek relief under Rule 35, Fed.R.Crim.P. At that time the district court will have the opportunity of considering all these matters and in its discretion determining whether the sentence should be reduced. *See* Government of Virgin Islands v. Turner, 409 F.2d 102 (3d Cir. 1968).

Reversed in part. Remanded for further proceedings not inconsistent with this opinion.

---

3. The maximum imprisonment under the § 7206(4) count is three years and under the § 5604(a) (1) count five years.

4. *Compare* Peters v. United States, 113 U.S.App.D.C. 236, 307 F.2d 193 (1962).

5. In referring to the reprimands of the first jury and of the tardy defendant we do not imply that the reprimands were not appropriate. The question is whether the

events that triggered the rebukes, and the contents of the rebukes themselves, operated extraneously to cause the appellant's sentence to be more severe.

6. Appellant urges that this peculiar combination of circumstances, culminating in the immediate sentencing, made the absence of the pre-sentence investigation especially harmful.