# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2012

Lyle W. Cayce
Clerk

No. 12-40108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DELANE ESTILL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-226-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Steven Delane Estill, a rural mail carrier in Plano, Texas, was convicted after a jury trial of possession of stolen mail in violation of 18 U.S.C. § 1708. The district court sentenced Estill to two years of probation and home detention for a period not to exceed 180 days and ordered, inter alia, that he repay the costs of prosecution in the amount of $14,308.

Estill contends that the evidence presented at trial was insufficient to support his conviction. He preserved this challenge by moving for a judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of acquittal under Federal Rule of Criminal Procedure 29 after the Government presented its case and at the close of all of the evidence.  Accordingly, we review the district court's denial of Estill's Rule 29 motion de novo and will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.  *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  We "view[ ] the evidence in the light most favorable to the verdict and draw[ ] all reasonable inferences from the evidence to support the verdict."  *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).

To be convicted of an offense under § 1708, the Government was required to prove beyond a reasonable doubt (1) that Estill unlawfully possessed the item stated in the indictment; (2) that the item had been stolen from the mail; (3) that Estill knew that the item was stolen; and (4) that Estill had the specific intent to possess the item unlawfully.  *See United States v. Hall*, 845 F.2d 1281, 1284 (5th Cir. 1988) (citation omitted).  Estill argues that there was no evidence that he knowingly intended to possess stolen mail because he did not understand that the undeliverable bulk business mail (UBBM) that he admitted to taking for his personal use constituted mail; Estill contends that he believed that the UBBM – i.e., 34 promotional gift cards from Wal-Mart – was trash because it could not be delivered and ultimately would be discarded or recycled.

The trial evidence demonstrated that Estill knowingly intended to possess the gift cards unlawfully.  The evidence established that Estill was instructed through employment training not to take mail regardless of its worth and was otherwise aware that United States Postal Service (USPS) policy barred him from removing mail – even if it was undeliverable – for his personal use.  The evidence also showed that documents that Estill received and executed during his employment delineated USPS policy against taking all mail matter and set forth the possible criminal penalties for mail theft.  In addition, in statements

that he provided to USPS investigators, Estill effectively acknowledged that he attempted to conceal his removal of the gift cards and that he knew that taking the gift cards from UBBM was improper. Accordingly, construing the evidence in the light most favorable to the verdict, that there was adequate evidence that Estill knew that taking the gift cards was unauthorized and potentially criminal.

Furthermore, the trial evidence supported that UBBM constitutes mail. The evidence included testimony from multiple USPS employees asserting that UBBM is treated as mail and is considered to be "live" until it is removed from the post office for processing and recycling. There also was evidence that UBBM has use or benefit to others even if it is not deliverable to the intended recipients and that USPS workers knew that USPS had an interest in, and retained control over, UBBM even after it was determined to be undeliverable. In fact, there was evidence that Estill volitionally conceded to investigators that UBBM could be viewed as mail. Estill points to no evidence showing that UBBM should not be regarded as mail merely because it was destined for destruction or recycling. *See generally United States v. Davis*, 461 F.2d 83, 89-90 (5th Cir. 1972) (suggesting that postal matter continues to be mail until its ultimate intended disposition). Therefore, the evidence was sufficient to support Estill's conviction under § 1708.

Estill also argues that the district court wrongly ordered him to pay the costs of prosecution. He contends that the portion of his judgment assessing the costs of prosecution should be vacated, and the case should be remanded. The Government concedes that the district court erred by ordering Estill to pay the costs of USPS's investigation into his misconduct, which were assessed as a cost of prosecution.

Estill generally objected at sentencing to the imposition of costs. Although it is not clear whether Estill's objection properly preserved his instant challenge, we need not resolve whether Estill's arguments should be reviewed for an abuse of discretion or under the plain error standard. *Compare Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (reviewing assessment of costs for abuse

of discretion) (civil case) *with United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005) (reviewing unpreserved challenges for plain error only).  Because the district court had no authority to order Estill to pay the costs of investigation and imposed an invalid sentence, Estill would be entitled to relief regardless of which standard of review applied.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The district court is authorized to assess costs against a criminal defendant in non-capital cases pursuant to 28 U.S.C. § 1918(b).  The exclusive definition of the items that may be taxed as costs, unless provided by some other explicit statutory or contractual authority, is set forth in 28 U.S.C. § 1920.  *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (civil case).  The costs of investigation are not delineated as a permissible cost of prosecution under § 1918 and § 1920, and no other statutory or contractual authority would permit the district court to impose the costs of investigation in this case.  *See Gagnon, Inc.*, 607 F.3d at 1045; FED. R. CRIM. P. 57(b).  Thus, the district court lacked authority to impose as costs of prosecution the costs of investigation.  Accordingly, we vacate the taxation of costs against Estill and remand the case to the district court for further proceedings in accordance with this opinion.  *See United States v. Deas*, 413 F.2d 1371, 1372-73 (5th Cir. 1969).

AFFIRM IN PART; VACATE AND REMAND IN PART.