## Commonwealth *v.* O'Keefe, Appellant.

Argued October 4, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter Thomas,* with him *Henry M. Stevenson,* for appellant.—Due process of law, or the equal protection of the law, prohibits the trial of the accused within a few hours of his arrest unless he consents to it: Cooke

v. U. S., 267 U. S. 517; Chin Yow v. U. S., 208 U. S. 8; Galpin v. Page, 18 Wall. 350; Hovey v. Elliott, 167 U. S. 409; Roller v. Holly, 176 U. S. 398; Com. v. Jester, 256 Pa. 441.

If the opportunity to defend is not adequate, the defendant is denied due process of law: Twinning v. State of New Jersey, 211 U. S. 78.

*Vincent A. Carroll,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.— The fundamental rights of a defendant to representation by counsel and the process of the courts for the subpœnaing of witnesses are not infringed by the speed with which the Commonwealth brings a case to trial, unless it directly appears that a defendant's interests have been thereby jeopardized: Com. v. Donnelly, 86 Pa. Superior Ct. 427.

A mere motion for a continuance without supporting reasons therefor is not ground for reversal where a defendant is called for trial within a few hours after his arrest.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

Joseph L. O'Keefe, the defendant, was arrested on the morning of December 21, 1928, at eleven o'clock. He was indicted the same day for the unlawful possession and sale of intoxicating liquor. In the early afternoon, he secured a lawyer, who moved the court to continue the case until some time beyond that day, stating, inter alia, "The defendant was arrested at eleven o'clock this morning; has had no opportunity to consult counsel or to obtain witnesses in his behalf. He has offered or been ready to enter bail, but has been held without bail, although the offense for which he is indicted is a bailable offense. He can not go to trial at the present time and properly present a defense to the charge made against him." The motion was refused and the defendant was put on trial and convicted by a jury the same day. The

next day, December 22, 1928, the motion for a new trial was overruled and the defendant was sentenced to pay a fine of one thousand dollars and to a jail imprisonment of nine months. On appeal, the judgment was affirmed by the Superior Court and therefrom, on allowance, defendant brought this appeal.

The real question involved is, Did the action of the trial court in forcing the defendant to trial on the day of his arrest, and in spite of the statement of his counsel as to the impossibility of being then prepared for trial, deprive the defendant of his constitutional rights? In our opinion it did. The Fourteenth Amendment to the federal Constitution declares: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." This provision has often been construed by the United States Supreme Court, and it has been uniformly held that "due process of law" requires ample notice to the accused and sufficient time to secure counsel and prepare for trial. In the recent case of Cooke v. U. S., 267 U. S. 517, 45 Supreme Court Reporter 390, Cooke, an attorney, was brought into court, charged with contempt of court (not committed, however, in open court), and his request for time and opportunity to secure counsel and witnesses and prepare his defense was refused. In reversing the adjudication against Cooke, Chief Justice TAFT, speaking for the court, says (page 537), inter alia: "Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this in-

172

cludes the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed." A like rule as to necessity for due notice and a reasonable opportunity to prepare a defense is declared in Franklin v. State of South Carolina, 218 U. S. 161; in Rogers v. Peck, 199 U. S. 425; in Hooker v. Los Angeles, 188 U. S. 314; in Louisville & Nashville Ry. v. Smith, 177 U. S. 230, and in other cases. Roller v. Holly, 176 U. S. 398, 399, as summarized in the head note, holds that, "Where service of process was made upon a defendant residing in Virginia, requiring him to appear and answer to a suit in Texas within five days,......such notice was not a reasonable one, was not 'due process of law' within the Fourteenth Amendment to the Constitution of the United States, and a judgment obtained upon such notice was not binding upon the defendant." 6 R. C. L. page 446, states, that, "The essential elements of due process of law are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." While 4 Sharswood's Blackstone, beginning at star page 349, declares the right of a defendant to notice before being forced to jury trial. As to necessity for due notice, see also 2 Chitty's General Practice (1st ed.), page 75. "The term 'due process of law' when applied to judicial proceedings, means a course of legal proceedings according to those rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights: Pennoyer v. Neff, 95 U. S. 714, 715." Com. v. Jester, 256 Pa. 441, holds that under the state Constitution, a defendant must be given a fair opportunity to present his defense and to that extent supports our conclusion in the instant case, although under different facts. Our state Constitution, article I, section 9, provides that the accused cannot "be deprived of his life, liberty or property, unless by the judgment

of his peers or the law of the land." The "law of the land" like "due process of law" requires timely notice and an opportunity to defend. It is vain to give the accused a day in court, with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or law of the case.

Nor, to secure reasonable time to prepare the defense, is it necessary for the accused to inform the court what his defense is or to give the names of his witnesses: Cooke v. U. S., supra. Every man is presumed innocent and, when accused, entitled to a reasonable opportunity to prepare his defense. A citizen cannot be deprived of due process of law, though ever so guilty; if he could, it would excuse mob violence.

A prompt and vigorous administration of the criminal law is commendable and we have no desire to clog the wheels of justice. What we here decide is that to force a defendant, charged with a serious misdemeanor, to trial within five hours of his arrest, is not due process of law, regardless of the merits of the case. If it can be done here it can on a charge of any other misdemeanor; if so, a man may be walking the streets, free, in the morning and on his way to prison, a convicted criminal, in the afternoon. We are constrained to hold that the haste shown in this case deprived the defendant of his constitutional rights and the conviction cannot be sustained. "It has been authoritatively stated that the right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion": 6 R. C. L. 443. As was said by Mr. Justice Coulter, in Brown v. Hummel, 6 Pa. 87, 97: "When the humblest citizen comes into this court with the Constitution of his country in his hand, we dare not disregard the appeal."

The judgment of the Superior Court is reversed, as is also that of the Court of Quarter Sessions of Philadelphia County, which it affirms, and a new trial is granted.