**UNITED STATES of America ex rel.
Joseph F. KUHN, Petitioner,**

v.

**H. E. RUSSELL, Supt., State Correctional
Institution, Huntingdon, Pa., and Penn-
sylvania Board of Parole, Harrisburg,
Pa., Respondents.**

**No. 659.**

United States District Court
M. D. Pennsylvania.

March 25, 1966.

See also D.C., 252 F.Supp. 72.

Joseph F. Kuhn, pro se.

Charles S. Wilson, Asst. Dist. Atty.,
Bucks County, Doylestown, Pa., for re-
spondents.

FOLLMER, District Judge.

Joseph F. Kuhn, presently a prisoner
at the State Correctional Institution,
Huntingdon, Pennsylvania, filed, in
forma pauperis, a Petition for a Writ of
Habeas Corpus. A Rule to Show Cause
was issued; an Answer was filed by the
Respondent, H. E. Russell, Superintend-
ent, State Correctional Institution,
Huntingdon, Pa., and a Traverse was
filed by the petitioner. A hearing was
held at which petitioner testified at
length. A transcript of the record of the
Bucks County proceedings at which time
he was sentenced on his plea of guilty
to four indictments and when he was
represented by his own personally select-
ed attorney, has been carefully reviewed.

Petitioner claims that he was held
about four days after his arrest without
being given a preliminary hearing, that
although he requested an attorney he
was provided with none during the in-
terrogating period, that he was coerced
into giving a written confession without
an attorney being present.

The transcript of the Bucks County
proceedings and the Answer filed by Re-
spondent, the facts of which are not de-
nied, disclose that on March 17, 1961
petitioner, accompanied by his personally
selected attorney, appeared before the
Court of Oyer and Terminer and General
Jail Delivery of Bucks County and en-
tered pleas of guilty to four indictments.
On the four indictments he was sentenced
to from two to ten years, effective De-
cember 13, 1960. The minimum expira-
tion date on this sentence was December
13, 1962, and the maximum expiration
date is December 13, 1970. He was
paroled December 13, 1963.

At the hearing when sentence was pro-
nounced the testimony of the investigat-
ing officer was taken as was that of peti-
tioner. The statement which petitioner
claims was obtained from him by coercion
was introduced at the time of sentence

with no objection having been interposed by petitioner's attorney.

A habeas corpus proceeding was held in Montgomery County, Pennsylvania, on August 31, 1964, involving a sentence of one and one-half to three years imposed on petitioner February 8, 1962, following conviction on trial before a jury. This sentence was made consecutive to the Bucks County sentence. At that hearing, petitioner's personally selected attorney (who appeared with him in Bucks County at the time of the imposition of that sentence) appeared and testified. This testimony went, in part, as follows:

(Transcript of Habeas Corpus Hearing, Montgomery County, No. 64–8277, Pages 61–62)

"A * * * I'm not positive what day he contacted me. However, my notes show that he had indicated that he had been arrested on December 8, that he had given signed statements to the police and that he hadn't contacted me until after the hearing.

Q The signed statements to which you referred had to do so far as you know only with the crimes to which he was pleading guilty in Bucks County?

A Yes.

Q Having made the decision with your client to plead guilty, you were not then particularly concerned, or at least you didn't discuss with your client any crimes that he might be charged with sometime later?

A That's right. He did tell me of crimes he had been charged with in the past, but I have no notes with respect to anything outside of Bucks County."

And further: (Page 64)

"BY MR. VANGROSSI:

Q Counsellor, did Mr. Kuhn complain to you that he was denied access to counsel?

A At this time I can't recall. I use an association memory system. I don't know what anyone else does. I

didn't even know Mr. Kuhn when I walked in this morning. The more you hear and the more you see, the more you remember; at least that's what I do. My vague recollection is that he did complain about it and I said something like 'Well, this is fine, but you can't appeal on it. I can't get the case thrown out because of it.' That was it. At least that was my understanding of the law in 1960 and I didn't waste much time on it because I understood the law to be that this was not a violation of the criminal's rights."

The record clearly indicates that petitioner's attorney at no time made any objection to the consideration of the allegedly coerced statement or of the fact that at the time the statement was taken petitioner was without counsel.

It is perfectly apparent from the attorney's testimony in the Montgomery County proceedings that he was completely in error in his understanding of the existing law with relation to the consideration by the Court of statements made by accused without the benefit of counsel.

■ I do not agree with the Pennsylvania State Courts which held that having been paroled on the Bucks County sentence, petitioner was not in custody by reason of that sentence and accordingly the matter of habeas corpus before that Court was moot. A person on parole is "in custody" within the meaning of 28 U.S.C. § 2241(c) (3). United States of America ex rel. Reina v. New York State Division of Parole, 238 F. Supp. 263 (S.D.N.Y.1965); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

It is not denied that a statement was taken from petitioner before trial when he was without the benefit of counsel nor that that statement was considered by the Court at the time of sentence under the guilty plea with no objection on the part of petitioner's attorney and that failure of petitioner's counsel to object was due to his incorrect understanding of the then existing law.

The petition for a writ of habeas corpus will be granted, but the Commonwealth will be given opportunity either to appeal from this grant of the writ or to retry petitioner. Execution of the writ will, therefore, be stayed for a period of thirty (30) days and if at the end of that period of time the Commonwealth has neither appealed nor initiated proceedings to retry petitioner, the writ will be executed and the petitioner will be released. United States ex rel. Manduchi v. Tracy, E.D.Pa.1964, 233 F.Supp. 423, 428.