The petition for a writ of habeas corpus will be granted, but the Commonwealth will be given opportunity either to appeal from this grant of the writ or to retry petitioner. Execution of the writ will, therefore, be stayed for a period of thirty (30) days and if at the end of that period of time the Commonwealth has neither appealed nor initiated proceedings to retry petitioner, the writ will be executed and the petitioner will be released. United States ex rel. Manduchi v. Tracy, E.D.Pa.1964, 233 F.Supp. 423, 428.

Joseph F. Kuhn, pro se.

Richard A. Devlin, Asst. Dist. Atty., Montgomery County, Norristown, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, Joseph F. Kuhn, filed three habeas corpus proceedings with reference to sentences imposed in Bucks County (No. 659) D.C., 252 F.Supp. 70, Montgomery County (No. 656), and Philadelphia County (No. 671). He then submitted a fourth petition as to the Montgomery County sentence which was incorporated as an amendment to the proceedings in Habeas Corpus No. 656. Here, a Rule to Show Cause issued, a Response and Traverse have been filed, and a hearing held at which petitioner was present and testified.

The Court had the benefit of the transcript of the court proceedings and habeas corpus proceedings in Montgomery County.

Petitioner has intermingled his several petitions which makes it difficult to arrive at a correct understanding of the problems as they relate to each sentence.

As I understand the instant petition, petitioner contends that at the time of his arrest he was held and questioned for about four days; that although requested, he was refused counsel; that while under interrogation, he was shown pictures of his wife in the nude or semi-nude taken by another man; that while

**UNITED STATES of America ex rel. Joseph F. KUHN, Petitioner,**

**v.**

**H. E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, Respondent.**

**No. 656.**

United States District Court
M. D. Pennsylvania.

March 25, 1966.

he was without counsel and in this distraught state of mind, the police took from him a verbal confession and this confession was placed before the jury.

When arraigned, he entered a plea of not guilty to three indictments. At his request, he was assigned an attorney from the Public Defenders Association to represent him at his trial. He met his attorney a few minutes before the cases were called. At his trial, the police officer testified at considerable length relative to the verbal confession he had made. No objection thereto was made by his attorney.

This petitioner is no novice in the criminal courts. Observing him on two occasions on the witness stand and reading his testimony in the Montgomery County trial and in the State habeas corpus proceeding, I am absolutely convinced that he was at all times fully aware of his rights. Unfortunately the record does not help much. It is not denied that he was interrogated for several days, that he requested an attorney which was refused until trial, that he did make a verbal confession which was later used against him, and that his court-appointed trial counsel entered upon the trial almost immediately after having been introduced to petitioner.

Under the facts as above indicated, petitioner was without counsel at a critical stage of the proceedings and his court-appointed attorney did not have ample time for preparation for a four day trial.

In Commonwealth v. O'Keefe, 298 Pa. 169, 173, 148 A. 73, 74 (1929), the Court said:

" * * * It is vain to give the accused a day in court, with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or law of the case."

The Petition for a Writ of Habeas Corpus will be granted, but the Commonwealth will be given opportunity either to appeal from this grant of the writ or to retry petitioner. Execution of the writ will, therefore, be stayed for a period of thirty (30) days and if at the end of that period of time the Commonwealth has neither appealed nor initiated proceedings to retry petitioner, the writ will be executed and the petitioner will be released. United States ex rel. Manduchi v. Tracy, E.D.Pa., 1964, 233 F. Supp. 423, 428.