382 A.2d 131

**COMMONWEALTH of Pennsylvania**

v.

**John R. CODER, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1976.

Decided Dec. 28, 1977.

510

Scott A. Williams, Williamsport, for appellant.

Allen E. Ertel, District Attorney, Williamsport, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant, formerly the Mayor of Williamsport, Pennsylvania, was convicted by a jury on charges of wiretapping, conspiracy, and false swearing. A motion in arrest of judgment was granted with respect to the false swearing charge. Two other charges were dismissed prior to the verdict. Following a hearing on the matter, appellant was ordered to pay approximately $8,000 costs, a large portion of which were incurred as a result of the change of venue granted appellant. On appeal, appellant argues that it was improper for the lower court to charge him with the costs of the change of venue. We agree, and reverse.

The offenses for which appellant was convicted took place in Lycoming County, at a time when appellant was Mayor of Williamsport. On motion of appellant, the lower court determined that due to excessive publicity, appellant could not be fairly tried in Lycoming County. Venue was changed to Mercer County, approximately 230 miles from Williamsport. Travel, lodging, and miscellaneous expenses of members of the Lycoming County District Attorney's Office and necessary witnesses were charged against appellant by the lower court in the amount of approximately $8,000.00. Appellant argues that imposition of those costs, over and above the normal costs of prosecution, has a chilling effect on the exercise of his constitutional right to seek and receive a fair trial. We agree.

 There is no constitutional right to a change of venue in every criminal case, and whether or not such a change is granted rests within the sound discretion of the lower court. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). Nevertheless, a criminal defendant is specifically guaranteed the right of a trial before an impartial jury by the Sixth Amendment of the Constitution of the United States and by Article I, Section 9 of the Constitution of this Commonwealth, to say nothing of the more general requirements of due process. *See Commonwealth v. Frazier*, 471 Pa. 121, 369 A.2d 1224 (1977). When as in this case, it has been determined that due to excessive pre-trial publicity a criminal defendant cannot receive a fair trial in the county wherein the charges are filed, then a change of venue is *constitutionally* mandated, and is in fact elevated to a constitutional right.

 Given a situation in which a change of venue is necessary to protect a defendant's constitutional rights, the question becomes whether a defendant's right to seek a fair trial is chilled by the knowledge that if convicted, that fair trial could cost thousands of dollars more than a trial in the county in which he had already been tried and found guilty by the news media. Clearly it seems, the answer is yes. Our inquiry cannot cease, however, until we have determined that the chilling effect is more than incidental and in fact is so strong that it seriously infringes on the exercise of the constitutional right or imposes a penalty therefore. *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

 Statutory authority is required to impose costs of prosecution on a defendant. *Commonwealth v. Houck*, 233 Pa.Super. 512, 335 A.2d 389 (1975). The legislature of this Commonwealth has provided such authority. Act of March 31, 1860, P.L. 427, § 64, 19 P.S. § 1223 (1964).[1] While statutes of this type have generally been held to be constitu-

---

1. Section 1223 provides in part:
 ". . . and in all cases of conviction of any crime, all costs shall be paid by the party convicted . . ."

tional, 20 C.J.S. Costs § 436 (1940), it is clear that a statute imposing costs on a party, while valid on its face, is invalid insofar as it operates to deny the party due process. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

The lower court relies on *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), to support its conclusion that no chilling effect exists. In that case, however, the primary issue was one of equal protection, not a question of due process as in the case at bar. A case that is more relevant to the question at hand is *United States v. Deas*, 413 F.2d 1371 (5th Cir. 1969), wherein the court suggested that imposition of costs of a second trial on the defendant ". . . would raise questions of constitutional dimensions concerning the reasonableness of the assessment and its resulting deterrent effect on an accused's exercise of his right to plead not guilty on a subsequent trial. . . ." *Id.* at 1372 (citations omitted). We find the situation in *Deas* analogous to the one at bar, inasmuch as the additional cost of a second trial, like the added cost of a change of venue, was necessitated by forces out of the control of the accused.

■ It has been held that imposition of the *normal* costs of prosecution on a convicted defendant is constitutional. Appellant stands ready and willing to pay those costs which would have been incurred in Lycoming County, had it been feasible to try him there. We believe that to impose thousands of dollars of additional costs on a defendant in appellant's position would severely deter persons in similar situations from seeking the fair trial which they are constitutionally guaranteed. If a change of venue is nonetheless sought, imposition of the costs would act as a penalty for seeking that to which the defendant was in any event entitled. That is an intolerable and unreasonable infringement on an accused's right to a fair trial.

Our position would of course change if an accused's own tactics had resulted in the publicity. There is no indication that this occurred in the case at bar. Often prejudicial

publicity is a result of improvident statements by police or prosecutors, and more often, from the news media's preoccupation with sensationalism. We do not believe that a defendant should be forced to pay the price for either of the latter indiscretions, which remain totally out of the accused's control. We do not believe that persons in the public eye should be treated as second-class citizens in the event they are charged with a crime. *See Commonwealth v. Casper,* 249 Pa.Super. 21, 375 A.2d 737 (1977). The public's interest in the possible commission of a crime by its prominent members is fueled by the desire of the media to sell copy. When there is massive nonfactual publicity, and it is impossible for the accused to fairly stand trial in his own community, he is forced to risk serious financial penalties to seek a right which is constitutionally guaranteed.

■ We believe that in enacting 19 P.S. § 1223, the legislature anticipated the imposition of normal and reasonable costs of prosecution. Insofar as that statute is used to impose costs incurred as a result of a change of venue, we hold that it is an unconstitutional infringement on an accused's right to a trial by an impartial jury in that it deters the accused from seeking a change of venue and penalizes the accused if a change is obtained.

The order of the lower court is reversed and the case remanded for determination of what the costs of prosecution would have been had the trial taken place in Lycoming County and for imposition of those costs on appellant.

SPAETH, J., files a concurring opinion.

CERCONE, J., files a dissenting opinion, in which HOFFMAN and VAN der VOORT, JJ., join.

SPAETH, Judge, concurring:

I agree with the plurality that the use of § 1223 to impose costs incurred as a result of a change of venue may result in an unconstitutional infringement of an accused's right to a trial by an impartial jury. However, unlike the plurality, I find it unnecessary to rely on the doctrine of "chilling

effect," which seems to apply as well to costs of prosecution in general as to costs of change of venue. For me, the distinction between the two kinds of costs is, simply, fairness: it is fair to impose the normal costs of prosecution on a convicted defendant; it is unfair (except in one kind of case, which I shall mention) to impose the costs of change of venue.

If a man commits a crime and after a trial is convicted, the costs of the trial are a direct result of his criminal action. It therefore is fair that he should be responsible for those costs. If, however, before he can be tried fairly a change of venue is required, it may be for one of three reasons: (1) officers of the state (for example, the prosecutor or the police) disseminated prejudicial pretrial publicity; (2) because the defendant is a public figure, the media—without any misconduct by officers of the state—publicized his case extensively and prejudicially; or (3) the defendant publicized his own case, to his own prejudice. Each case involves a different standard of fairness.

In the first case, the costs of change of venue are a direct result, not of the defendant's criminal action, but of the misconduct by officers of the state. It is unfair to impose the costs on the defendant.

In the second case, the costs are a result of two factors: the media's actions, and the defendant's position in the community. While it might be said that the second factor dictates that the defendant bear some responsibility for the costs, I take a different view. The defendant's position of public prominence will affect the punishment imposed. That is, his abuse of a position of public trust will be reflected in the permissible penalties and in those actually chosen. It is therefore unfair to add the additional burden of costs. As Judge JACOBS puts it, "persons in the public eye should [not] be treated as second-class citizens in the event they are charged with a crime." At 513.

In the third case, the costs are a direct result of the defendant's own actions. It is then fair to impose the costs on him.

These elementary concepts of fairness should be recognized as included in the guarantee of due process of law. While the United States Supreme Court has not decided the precise question presented by this case, I think we may divine from its restrictive view of the chill doctrine specifically, *see Fuller v. Oregon*, 417 U.S. 4051, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974); *United States v. Jackson*, 390 U.S. 570, 582, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), that it would not be inclined to apply the federal Due Process Clause generally to the question. There nevertheless remains as an independent basis for decision the Due Process Clause of our state Constitution. Pa.Const. art. 1, § 9.[1] Although the decisions of the United States Supreme Court are dispositive in defining rights under the federal Constitution, the state courts remain responsible for defining and protecting rights under the state constitutions. *Commonwealth v. Triplett*, 462 Pa. 244, 341 A.2d 62 (1975). *See generally* Brennan, *State Constitutions and the Protection of Individual Rights*, 90 Harv.L.Rev. 489, 498-502 (1977); Ziegler, *Constitutional Rights of the Accused—Developing Dichotomy Between Federal and State Law*, 48 Pa.B.A.Q. 241 (1977).[2]

1. Section 9 provides that an accused "can [not] be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land." The terms "law of the land" and "due process of law" are legal equivalents. *Eiffert v. Pennsylvania Central Brewing Co.*, 141 Pa.Super. 543, 548, 15 A.2d 723, 726 (1940).

2. Appellant has not specifically argued the Pennsylvania Constitution; it might therefore be said, with some force, that he has waived it as a possible ground of relief. However, in his exceptions appellant asserted: "The imposition of . . . costs not normally assessable in other cases will act as a chill in the exercise of a defendant's right to a fair trial and for that reason is unconstitutional." R. 8a. Given this assertion, and the importance of the issue, I consider it appropriate to take appellant as relying on the general rubric of due process as well as on the specific doctrine that he cites. (The chill doctrine is grounded in the Due Process Clause. *See United States v. Jackson*, 390 U.S. 570, 581–82, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).) Taking this reading of his argument, I believe that by asserting a denial of due process of law appellant has invoked the Due Process Clauses of both the Pennsylvania and federal Constitutions, notwithstanding that he specifically cites only the latter in his brief. We may therefore legitimately look to the Pennsylvania Constitution in assessing his claim.

Our Supreme Court has said that the "[t]he term 'due process of law' when applied to judicial proceedings, means a course of legal proceedings according to those rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights." *Commonwealth v. O'Keefe*, 298 Pa. 169, 172, 148 A. 73, 74 (1929) (citing *Pennoyer v. Neff*, 95 U.S. 714, 715, 24 L.Ed. 565 (1877)). In my view, one of these principles must be that an accused may not be charged with costs of a change of venue that he did not make necessary.

Here, as the record contains nothing to suggest that appellant was responsible for the "adverse publicity" found by the lower court, I join the plurality's directions for remand.

CERCONE, Judge, dissenting:

This appeal arises from an order by the court below taxing appellant, who was found guilty on criminal charges, with the costs of his prosecution including costs accruing from a change of venue granted upon his motion. Appellant was initially charged with costs exceeding $10,000. He objected and the Commonwealth was ordered to provide him with a bill of costs to which he could file exceptions. A hearing on the exceptions was held on September 12, 1975, and the amount was reduced to approximately $8,000 by the lower court, which amount appellant was ordered to pay. This appeal followed.

Appellant, John R. Coder, was convicted in a jury trial of wiretapping, conspiracy and false swearing. Two other charges were dismissed prior to verdict and a motion in arrest of judgment was granted as to the charge of false swearing. The offenses were committed in Lycoming County, while appellant was Mayor of Williamsport. He requested and was granted a change of venue upon claiming his inability to receive a fair trial in Lycoming County as a result of adverse pre-trial publicity. Venue was transferred to Mercer County, 231 miles from Williamsport. The trial lasted two weeks and members of the Lycoming District

Attorney's office and witnesses for the Commonwealth were given transportation, meals and lodging when their presence at trial was necessary. Members of the Mercer County District Attorney's office were also involved with the trial and their expenses were charged to appellant. The hearing court below found that, to the extent of approximately $8,000, these costs and expenses were properly chargeable to appellant.

Initially appellant argues, and a plurality of the court agrees, that requiring him to pay costs accruing from a change of venue constitutes a penalty and exerts a "chilling" effect on the exercise of his federal constitutional right to due process of law, i. e., a fair trial. I disagree.

First, I find the plurality's failure to come to grips with *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974) surprising. *Fuller* involved an Oregon statute which permitted the courts to require an indigent defendant to repay the state attorney's fees incurred for appointed counsel, if the indigent defendant were convicted and subsequently financially able to make the repayment. Part III of *Fuller* confronted and rejected a constitutional analysis logically indistinguishable from the argument the plurality accepts in the instant case. In so doing the High Court emphatically rejected *In re Allen*, 71 Cal.2d 388, 78 Cal.Rptr. 207, 455 P.2d 143 (1969), a case cited for support by appellant herein, and concluded:

"This case [*Fuller v. Oregon*] is fundamentally different from our decisions relied on by the petitioner which have invalidated state and federal laws that placed a penalty on the exercise of a constitutional right. . . . Unlike the statutes found invalid in those cases, where the provisions 'had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them' . . . . Oregon's recoupment statute merely provides that a convicted person who later becomes able to pay for his counsel may be required to do so." *Fuller v. Oregon*, 417 U.S. at 54, 94 S.Ct. at 2125. [Citations omitted.]

Since the statute involved in the instant case has a purpose and effect other than to chill appellant's assertion of his right to a fair trial, that is, recouping the costs of trial wherein a jury found appellant guilty beyond a reasonable doubt, appellant's argument is "wide of the constitutional mark." *Id.* at 52, 94 S.Ct. 2116. It simply will not do to dispose of *Fuller* as "primarily" an equal protection case; *Fuller* still makes constitutional law in terms of due process. Nor has *Fuller* been undermined by *United States v. Deas*, 413 F.2d 1371 (5th Cir. 1969), a circuit court decision where the court merely mentioned the question of a potential chilling effect resulting from the government's recoupment of the costs of prosecution. Because that issue was not raised in *Deas* it was not discussed. In short, *Deas* is "pertinent" only in the sense that it is prophetic; on the issue at hand it is not instructive.

Judge Spaeth's concurring opinion does not surmount *Fuller v. Oregon*, but employs the Pennsylvania Constitution in support of striking down the recoupment statute as unconstitutional because it is "unfair." However, *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) clearly prohibits our raising constitutional arguments to strike down statutes. Appellant in the instant case does not argue that imposing costs of prosecution is unfair under the Pennsylvania Constitution, he argues that it chills his right to a fair trial under the Federal Constitution. If these distinctions are simply semantic as Judge Spaeth suggests, how is it that they produce different results? The Commonwealth has not had the opportunity to brief and argue the "due process clause" of the Pennsylvania Constitution, therefore it is improvident for us to analyze the recoupment statute in that light.

However, what troubles me most about the court's decision today is not its disregard for *Fuller v. Oregon* manifested in the plurality opinion, nor the unsolicited reliance on the Pennsylvania Constitution expounded in the concurring opinion; for if *Fuller* had not been decided by the United States Supreme Court, and had appellant argued the illegality of the recoupment statute in light of the constitution of

this Commonwealth, I nevertheless would not agree that requiring appellant to pay the costs of prosecution is unconstitutional.

It is clear that the legislature has determined that a person who commits a crime thereby triggering the prosecutorial machinery of the Commonwealth, should repay the Commonwealth the necessary costs and expenses of prosecution, if he is found guilty beyond a reasonable doubt, and is financially able to do so. I can find nothing fundamentally unfair with that notion. Indeed, assessing a convicted defendant for the costs of prosecution has not been held to offend notions of fundamental fairness previously. What appears to trouble a majority of the court is that, on occasion, the necessary costs and expenses can be very substantial. Obviously, when a person commits a crime which stirs wide community interest, either because the crime is heinous or its perpetrator is a person invested with a public trust, publicity will follow inevitably. The ensuing publicity should be readily foreseeable by the perpetrator of the crime, so that it is neither arbitrary, capricious nor unreasonable to hold him responsible for the dysfunction his conduct caused the criminal justice system. If he is innocent of the charges, he will bear none of these costs.

Furthermore, a majority of the court today abjures any consideration of the facts which the legislature may have weighed in determining that the instant statute was proper legislation. Instead, the court simply feels that the statute operates, on occasion, unfairly. In "analyzing" the constitutionality of this statute in this fashion the majority improperly and dangerously encroaches on legislative province. Even if I were to agree that the law is misguided, I would not conclude that it is therefore unconstitutional. See *James v. Strange*, 407 U.S. 128, 133, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972). "Courts cannot be placed in a position, nor should they have the appearance, of being superlegislative bodies that control legislation because it is unwise, or is not in accord with the ideas of the judges." *Suermann v. Hadley*, 327 Pa. 190, 194, 193 A. 645, 648 (1937). Unfortu-

nately, today's decision bespeaks a disregard for this injunction; it sets an example for this court which, if followed, can only lead to improper exercise of our limited power to strike down legislation which is truly unconstitutional. See generally H. Chase & C. Ducat, Constitutional Interpretation 59–68 (1974). Since I cannot conclude that this statute is arbitrary, capricious and unreasonable because it requires a convicted person to pay the costs and expenses which his conduct has caused the Commonwealth to incur, I cannot agree that it is unconstitutional.[1]

Having determined that appellant's constitutional rights have not been infringed by requiring him to pay the costs of prosecution, I would reach appellant's remaining arguments. Appellant also contends that Rule 313(b) of the Rules of Criminal Procedure places the costs of a change of venue on the county, not the defendant. Authority for imposing costs upon a defendant convicted of the charges against him is found in the Act of March 31, 1860, P.L. 427, § 64, 19 P.S. § 1223 (1964), providing that "in all cases of conviction of any crime, all costs shall be paid by the party convicted." See *Commonwealth v. Houck*, 233 Pa.Super. 512, 335 A.2d 389 (1975). Included as a portion of the costs which may be imposed are the expenses of the district attorney. The Act of August 9, 1955, P.L. 323, § 1403, 16 P.S. § 1403 (1956) provides as follows:

"All necessary expenses incurred by the district attorney or his assistants or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecu-

1. I also note that in Judge Spaeth's "fairness" analysis no consideration is given to the veracity of the offending news accounts. In other words, if a person commits a particularly heinous crime which is given widespread media coverage, the perpetrator is not "responsible" for the costs attending a change of venue despite the fact that the reportage is not inflammatory and entirely accurate.

tion and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."

Rule 313(b), upon which appellant relies does not relieve him of responsibility for the costs of prosecution placed upon him by the above statutes in the event of his conviction. The rule provides: "All costs accruing from a change of venue shall be paid by the county in which the complaint was filed." This rule does not operate to fix the costs upon the county instead of the defendant but, rather, determines as between the two counties which one shall initially bear the expense of a change of venue. It does not prevent the county from recouping the costs expended from the defendant upon conviction, but specifies which county has the responsibility of securing payment from the defendant. Our Supreme Court in *Commonwealth v. Davy*, 456 Pa. 88, 317 A.2d 48 (1974), interpreting Act of July 8, 1941, P.L. 288, § 24, 19 P.S. § 191.24 a section of the Uniform Extradition Act similar to Rule 313(b), applied 19 P.S. § 1223, supra stating, the county under 19 P.S. § 1223, supra, may recoup from the defendant as a part of the costs of prosecution monies expended by the county in extraditing the defendant, although the costs of extradition are initially assessed against the county under 19 P.S. § 191.24, supra. Neither statute excludes the costs accruing from a change of venue as part of the cost which may be imposed upon the defendant, nor does the rule relieve appellant from liability for these costs. Thus, the expenses of the Lycoming and Mercer County District Attorneys' offices, as well as the expenses incurred for the Commonwealth's witnesses, may be recouped from appellant.

Appellant also claims that the District Attorney failed to file a bill of costs which demonstrated its reasonableness and fairness specifically enough. As discussed above, a defendant may only be required to pay costs authorized by statute. 16 P.S. § 1403, supra, permits the expenses of the District Attorney and those who assist him in the prosecution to be

included as a part of the costs, but only to the extent that those expenses are "necessary." The District Attorney must provide a defendant, who is charged with costs, a reasonably specific bill of costs and show how such costs were necessary to the prosecution. In the instant case, the District Attorney and the County Controller initially submitted a lump sum of over $10,000 for court approval, and, apparently *ex parte*, the court approved an order for appellant to pay that sum. Only after appellant objected and court ordered a bill of costs to be filed was any itemization of costs presented to appellant. Some expenses, such as jurors' expenses and those of certain court personnel, were found to be improperly charged to appellant. As to the other categories of expenses, the District Attorney did not demonstrate how the expenses of various witnesses or other persons assisting the district attorney were necessary to the prosecution. During the evidentiary hearing, the court below erred by placing the burden on appellant to show the costs were unnecessary, rather than requiring the Commonwealth to adequately demonstrate that these costs were necessary.

Appellant also argues that, since he was convicted of only two of the five charges, he should be required to pay no more than forty percent of the costs. In *Commonwealth v. Soudani*, 193 Pa.Super. 353, 165 A.2d 709 (1960), the defendant made a similar claim when the first of the two counts upon which he was convicted was set aside by the Supreme Court as being only a differing degree of the second. This court refused to apportion the costs between the first and second counts since all the costs were necessary to try the defendant on the second count. We have nothing in the record before us indicating what costs, if any, were solely attributable to the charges which were dismissed. We cannot, therefore, arbitrarily apportion costs solely on appellant's conviction on only two of the charges. If the Commonwealth demonstrates by a preponderance of the evidence that all the witnesses were reasonably necessary to prove the charges for which appellant was convicted, the Commonwealth may recover the expenditures arising from their

attendance at the trial. When the new hearing is held on the question of necessary costs, it should be determined whether any of the costs are solely attributable to the charges which were dismissed in granting the motion in arrest of judgment. See *Commonwealth v. Smith*, 239 Pa. Super. 440, 361 A.2d 881 (1976). As in a lawsuit for any other unliquidated debt, the burden of justifying the costs by the preponderance of evidence is on the plaintiff, the Commonwealth herein.

While the lower court was correct in ruling that appellant may constitutionally be required to pay costs of prosecution deriving from a change of venue, the court erred in ruling that the bill of costs incurred was sufficiently specific to meet the Commonwealth's burden of proof. Hence, I would remand for a new hearing on the bill of costs.[2]

HOFFMAN and VAN der VOORT, JJ., join in this dissenting opinion.

2. The hearing does not necessitate the calling of the witnesses who appeared at trial. However, testimony from knowledgeable persons in the district attorney's office to substantiate the bill of costs may be required.