406 A.2d 754

**COMMONWEALTH of Pennsylvania**

v.

**George F. HOWER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 15, 1979.

James C. Hogan, Easton, for appellant.

John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

The sole issue on this appeal is whether the federal and state constitutions prohibit the Commonwealth from imposing on a convicted defendant the necessary trial preparation and consultation expenses incurred by the district attorney in the prosecution of the case.

On September 30, 1975, appellant was convicted on one count of operating a motor vehicle while intoxicated and on three counts of involuntary manslaughter. He was sentenced to 1 and ½ to 3 years imprisonment, fined $250, and assessed costs of the prosecution. No appeal was taken from the judgment of sentence, but upon the court clerk's presentation of the bill of costs, appellant filed a petition to strike certain items included in the bill. In an opinion rendered August 3, 1977, the lower court ordered certain items in the bill reduced, sustained the clerk's authority to assess other items as costs, and ordered an evidentiary hearing to determine whether the district attorney's trial preparation and consultation expenses had been necessary to the successful prosecution of appellant. After a hearing on October 5, 1977, the lower court approved the clerk's bill as modified, and this appeal followed.

The bill of costs approved by the lower court totalled $5059.22. This amount included $250 for appellant's fine, $635.22 for court costs (such as witness, constable and clerk fees), and $4,174 for the district attorney's trial preparation and consultation expenses. These expenses comprised the fee of Heikki Elo, a surveyor and registered professional engineer who testified at trial and prepared a map of the highway area where appellant's automobile struck and killed three pedestrians, and the fee of Dr. Russell E. Brenner, a physicist retained by the district attorney as an accident

reconstruction expert. Although Dr. Brenner attended the trial, he did not testify.

Appellant does not challenge the clerk's assessment of the fine and court costs; he challenges only the assessment of the district attorney's trial preparation and consultation expenses. Appellant concedes that under the Act of August 9, 1955, P.L. 323, 16 P.S. § 1403, the clerk was authorized to assess these expenses against him.[1] *See also Commonwealth v. Coder,* 252 Pa.Super. 508, 520, 382 A.2d 131, 137 (1977) (CERCONE, J., dissenting). He argues, however that the Act violates his right to a fair trial under the United States Constitution and Pennsylvania Constitution, and his right against self-incrimination, because it "encourages entry of guilty pleas due to unknown and uncontrolled economic losses which might be incurred as a result of jury trial . . . ." Appellant's Brief at 8. He also argues that the Act violates the due process and equal protection clauses of the United States Constitution and Article I, sections 1 and 9, of the Pennsylvania Constitution because it "provides no test or standard of conduct which the Court can use to grant or withhold approval of . . . the expenses which are ultimately taxed to the convicted defendant." *Id.*

–1–

■ In considering whether there has been a violation of appellant's right to a fair trial, we may take as our point of departure the several opinions in *Commonwealth v. Coder, supra,* for there we addressed issues similar to the issues presented here. In *Coder,* we were asked to decide whether the Commonwealth could constitutionally require a convict-

1. 16 P.S. § 1403 provides:

All necessary expenses incurred by the district attorney or his assistants or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

ed defendant to pay costs resulting from a change of venue. A majority of this court held that it could not. Judge JACOBS, in a plurality opinion, observed that a defendant might be deterred from seeking a change of venue, even though he was entitled to the change, if he knew that the Commonwealth could collect from him, upon conviction, the costs caused by the change. The possibility of this deterrence, the plurality held, violated an accused's right under the United States Constitution to a fair trial. This writer, in a concurring opinion, relied on the due process clause of the Pennsylvania Constitution, stating that under that clause, "it is fair to impose the normal costs of prosecution on a convicted defendant; it is unfair (except in one kind of case . . .) to impose the costs of change of venue." 252 Pa.Super. at 514, 382 A.2d at 134. The excepted case was where "the defendant publicized his own case," so that "the costs [of a change of venue] are a direct result of the defendant's own actions." *Id.* Judge CERCONE, in a dissenting opinion joined by two other members of this court, stated that neither the United States Constitution nor the Pennsylvania Constitution was violated by the requirement that "a person who commits a crime thereby triggering the prosecutorial machinery of the Commonwealth, should repay the Commonwealth the necessary costs and expenses of prosecution, if he is found guilty beyond a reasonable doubt, and is financially able to do so." 252 Pa.Super. at 519, 382 A.2d at 137.

Thus the several opinions in *Coder* point out an important distinction between the costs arising from a change of venue and the costs arising from the investigation and trial of the case itself. As a majority of the members of the court recognized, if one defines causation as including remote and indirect causes, it may be said that a criminal defendant was the cause of excessive pre-trial publicity, for had he not committed the crime there would be no event to publicize; but if one limits the definition of causation to immediate and direct causes it will be seen that generally the publicity will have been caused by an agency or persons outside the

defendant's control. Because a criminal defendant cannot control the media, or, in most instances, persons wishing to sensationalize his crime, a majority of the members of the court believed that he could not be required constitutionally to pay the costs necessary to secure a fair trial. Both the plurality and concurring opinions also recognized, however, that if the excessive pre-trial publicity was not caused by an agency or persons outside the defendant's control, but rather was the immediate and direct result of the defendant's own actions, then the defendant could be required to pay the costs of a consequent change of venue. 252 Pa.Super. at 512 and 514, 382 A.2d at 133 and 134. The plurality opinion implicitly, and the concurring opinion explicitly, recognized that so far as costs of prosecution were concerned, as distinguished from costs of a change of venue, these were so immediate and direct a result of the defendant's own actions, in committing the crime, that the state could require him to pay them. As regards costs of prosecution, there was no difference of opinion among the members of the court; the only difference was as regards costs of change of venue.

Appellant nevertheless argues that his case presents special circumstances, which should lead us to conclude that the costs of prosecution were not the immediate and direct result of his actions in committing the crime, but rather of defending himself. Specifically, he argues that the district attorney prepared his case more carefully, and retained experts whose services he would not have otherwise sought, only upon learning that appellant planned to call expert witnesses and defend himself vigorously.[2] Because of this, appellant concludes that it would be unfair to tax him with

2. Indeed, the Commonwealth admits that at least some of its expenses were incurred in this way. In its brief the Commonwealth states that it "was aware that the defense had hired their own expert, Dr. Kiscka. Dr. Kiscka, a physicist, also investigates accidents and determines their cause. The Commonwealth was aware of an earlier case involving the same charges where Dr. Kiscka's testimony was instrumental in convincing the jury to acquit a Defendant of the Involuntary Manslaughter charge. Since the Commonwealth did not want to risk loosing [sic] a second case, Dr. Brenner was hired to do an investigation of the accident and prepare a report." Commonwealth's Brief at 4.

the district attorney's expenses, and that such taxation would discourage other defendants in the future from defending themselves to the best of their abilities.

We do not find this argument persuasive. While it may sometimes occur that a district attorney will prepare his case according to his estimation of the defendant's trial preparations, it seems likely that the degree of the district attorney's preparation will more frequently be a function of the importance of the case, its complexities, and the need to prove the defendant's guilt beyond a reasonable doubt. Whether this is so or not, however, a defendant is in any case protected by the requirement in the Act of August 9, 1955, *supra*, 16 P.S. § 1403, of proof that the expenses incurred by the district attorney were "necessary." If the expenses were unnecessary, a defendant cannot be required to pay them. We see nothing unfair in requiring a convicted defendant to pay such of the district attorney's trial preparation and consultation expenses as were necessary to secure the conviction, even though that necessity was to some extent a function of the nature of the defendant's defense. To hold otherwise would produce a strange result. A defendant convicted of a routine robbery could be required to pay the costs of prosecution; but a defendant convicted of a crime that had been carefully concealed and was therefore difficult to prove—homicide by some rare poison, for example; *cf. Coppolino v. State,* 223 So.2d 68 (Fla.App.1968), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 794 (1969)— could not be required to pay the costs of prosecution. In this case, the lower court found that the district attorney's expenses were both necessary and reasonable, and appellant has not appealed these findings.

We acknowledge that the possibility that a convicted defendant may be required to pay the costs of prosecution may impose some burden on a particular defendant's choice of whether to go to trial or plead guilty and thereby avoid the costs. Nevertheless, not every burden imposed by the state on a defendant's right to trial is constitutionally prohibited. *See Commonwealth v. Coder, supra,* 252 Pa.Super.

at 511, 382 A.2d at 133 (plurality opinion). In *United States v. American Theater Corp.,* 526 F.2d 48, 50 (8th Cir. 1975), *cert. denied,* 430 U.S. 938, 97 S.Ct. 1569, 51 L.Ed.2d 786 (1977), it was held that neither the fifth nor sixth amendments to the United States Constitution prevented the government from taxing "the cost of prosecution to an unsuccessful, non-indigent defendant in accordance with [a duly enacted statute] as long as it does so in a nondiscriminatory manner." And in *Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), the United States Supreme Court held that an indigent defendant's right to counsel was not impermissibly infringed by a requirement that upon conviction he repay the costs of his representation when he acquired the means to do so, even though some persons might thus forgo assistance of counsel. *See also United States v. Bracewell,* 569 F.2d 1194, 1197 (2d Cir. 1978) (such reimbursement statute for costs of legal counsel "creates a constitutionally proper ground for depriving a financially able defendant of available funds which, in fairness, should be remitted to the public coffers").

In considering the permissibility of imposing a burden on a defendant who chooses to go to trial rather than plead guilty, one must ask why the burden is imposed. Thus, " '[a]n accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty.' " *Commonwealth v. Staley,* 229 Pa.Super. 322, 324, 324 A.2d 393, 394–95 (1974) (citations omitted). Here, however, it cannot be maintained that by providing that a convicted defendant may be required to pay the costs of prosecution, the legislature intended to punish defendants who choose to go to trial rather than plead guilty. In many cases, perhaps in most, the costs will not be much different whichever course the defendant chooses. This will be true in cases that are simple to prosecute, and in cases where the district attorney's expenses accrue during the preliminary stages of the investigation and prosecution. In addition, 19 P.S. § 1292 (1964) affords those defendants who are financially unable to pay

costs relief under the Commonwealth's insolvent debtor statutes. *See also* Pa.R.Crim.P. 1407(a).

For these reasons, we conclude that the imposition of the district attorney's necessary trial preparation and consultation expenses did not violate either appellant's right to a fair trial or his right not to be compelled to incriminate himself.[3]

–2–

▓▓▓ In support of his argument that the Act of August 9, 1955, *supra,* 16 P.S. § 1403, is invalid because it "provides no test or standard of conduct," appellant relies on *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966). However, that case involved a very different statute.

In *Giaccio,* the Court struck down the Act of March 31, 1860, P.L. 427, § 62, 19 P.S. § 1222, which allowed a jury to impose prosecution costs on a defendant who had been acquitted, because the statute contained no standards to guide the jury's decision. With the jury's power to impose costs thus unfettered, a defendant had no prior notice of what conduct might prompt the jury to impose costs; he therefore had no way of knowing what actions he could take to avoid a forfeiture of his property. In contrast, the statute here permits the imposition of costs only upon a defendant who has been convicted. The Crimes Code gives a defendant adequate notice of what conduct is unlawful and therefore may result in conviction. In addition, the statute here sufficiently defines the expenses the Commonwealth may recover—*i. e.,* "[a]ll necessary expenses incurred

**3.** Arguably, the imposition of the district attorney's expenses might violate a defendant's due process rights if, when added to the other costs and fines assessed against him, they exceeded the maximum fine that could be imposed against the defendant under the Crimes Code. We need not decide now, however, whether there would be any merit to such an argument. Appellant was convicted on three counts of involuntary manslaughter, which is a misdemeanor of the first degree and on which he could have been fined $30,000, and on one count of driving under the influence of alcohol, which is a misdemeanor of the third degree and on which he could have been fined $2,500. *See* 18 C.P.S.A. § 1101 (1973 and Supp.1978–79). The total of these potential fines greatly exceeded the amount appellant was ordered to pay.

by the district attorney . . . in the investigation of crime and the apprehension and prosecution" of the case. Appellant's argument that the statute constitutes an unlawful delegation of legislative power to the judiciary because it requires judges to determine what expenses are necessary is frivolous.[4]

Affirmed.

4.  Appellant has also argued that he is not required to pay the costs of prosecution because of a procedural defect in the proceedings below. The Act allows the district attorney to receive reimbursement for his expenses from the county, and then allows the county to obtain reimbursement from the convicted defendant. Appellant claims that before the district attorney may receive reimbursement, the court must approve the expenses and that because here this was not done, he is relieved from reimbursing the county. We may assume that the county should not have reimbursed the district attorney until after the court approved the expenses; this irregularity did not prejudice appellant, for the lower court ordered appellant to pay only after a hearing in which appellant participated. Thus appellant was given all the protection required by the Act and due process.